United States District Court
Southern District of Texas
**ENTERED**
September 18, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT SANDERS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-04561 |
| | § | |
| SOUTHWESTERN BELL | § | |
| TELEPHONE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Before me is Defendant's Motion to Dismiss Plaintiff's Original Complaint ("Motion to Dismiss"). *See* Dkt. 14. After reviewing the Motion to Dismiss, the response, the reply, and applicable law, I **RECOMMEND** that the Motion to Dismiss be **DENIED**.

## BACKGROUND

Plaintiff Robert Sanders ("Sanders") filed this lawsuit on November 20, 2019. He alleges that his former employer, Defendant Southwestern Bell Telephone Company ("SWBT"), discriminated and retaliated against him on the basis of his race in violation of (i) Title VII of the Civil Rights Act of 1964; (ii) the Texas Labor Code; and (iii) 42 U.S.C. § 1981.

Sanders served SWBT with the Summons and Complaint on March 19, 2020—119 days after the lawsuit was filed. SWBT now moves, pursuant to Federal Rule of Civil Procedure 12(b)(5), to dismiss this lawsuit for insufficient service of process. In particular, SWBT argues that dismissal is appropriate because Sanders failed to timely effect service

of process within 90 days of his filing of the Complaint, as required by Federal Rule of Civil Procedure 4(m).

## LEGAL STANDARD

Rule 12(b)(5) authorizes a party to file a motion to dismiss for insufficient service of process. *See* FED. R. CIV. P. 12(b)(5). Under Rule 12(b)(5), a district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). To effectuate proper service, a plaintiff must comply with Rule 4(m), which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant *or* order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m) (emphasis added).

In considering a request to dismiss a case for failure to timely serve the complaint, Rule 4(m) requires me to first determine whether good cause exists for extending the time of service. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If a plaintiff can establish good cause for failing to serve a defendant within 90 days of the complaint being filed, "the district court *must* extend time for service." *Id.* To establish good cause, the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and . . . some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

"Even if good cause is lacking, the [district] court has discretionary power to extend time for service." *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008). *See also Thompson*, 91 F.3d at 21 ("If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service."). A discretionary extension is particularly appropriate to avoid the harsh consequence of dismissal arising from an expired limitations period. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (quoting FED. R. CIV. P. 4(m) advisory committee's note to 1993 amendment) ("A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action.'"). The Fifth Circuit has explained:

> If the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice. Because dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim, it is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice. To warrant dismissal, we must find a delay longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.

*Thrasher v. City of Amarillo*, 709 F.3d 509, 512–13 (5th Cir. 2013) (internal quotation marks and citations omitted).

## ANALYSIS

For starters, it is undisputed that service in this case was accomplished after the expiration of Rule 4(m)'s 90-day deadline. Because the lawsuit was filed on November 20, 2019, Rule 4(m) mandated that the Complaint be served by February 18, 2020. Sanders did not properly serve the instant lawsuit on SWBT until March 19, 2020—29 days late.

3

SWBT contends that I should dismiss the Complaint because Sanders cannot meet his burden to show good cause for the failure to timely effectuate service of process. In response, Sanders argues that he can establish good cause. His counsel claims that he did not timely serve SWBT with the lawsuit as a result of various health ailments which impacted his ability to perform his job duties. More specifically, Sanders's counsel claims that in mid-December 2019 he suffered the onset of an occlusion of his right eye that severely limited his vision and resulted in permanent scarring. Counsel for Sanders also maintains that in late January 2020 he experienced an acute upper respiratory chest infection which required the administration of antibiotics over the course of several months. These medical issues, according to Sanders's counsel, were severe enough to require him to enlist assistance on some of his litigation files, but apparently not on this case.

While I am extremely sympathetic to the medical issues encountered by Sanders's counsel, he has failed to explain why these circumstances precluded service from occurring during the allotted 90–day period. Sanders's counsel acknowledges that roughly a month elapsed from the date the lawsuit was filed (November 20, 2019) until his encountered eye issues (December 15, 2019). Why did he not obtain summons and arrange for service during this time period? He clearly had more than enough time to make sure that the lawsuit was properly served, especially considering that obtaining service is far from the most strenuous activity known to man. Indeed, when Sanders's counsel did finally request summons on March 16, 2020, he was able to accomplish service of SWBT within just three days!

Also, while Sanders's counsel admittedly faced some respiratory issues beginning in late January 2020, he acknowledges that he was able to continue to work on other litigation matters. Why could he not find a few minutes to arrange for service of the Complaint? In short, I do not believe Sanders has demonstrated good cause for his failure to properly serve SWBT in a timely fashion. *See Chenevert v. Algiers Charter Sch. Ass'n*, No. 12–2099, 2013 WL 4710408, at *5 (E.D. La. Aug. 29, 2013) (refusing to find good cause when "there was no reason that counsel could not have timely served the Defendants" despite his serious medical issues); *Estate of White v. Hartford Life and Accident Ins.*, No. 4:07-CV-00145, 2007 WL 7217079, at *3 (S.D. Tex. Oct. 11, 2007) (declining to find good cause where plaintiffs did not "adequately explain why their attorney's illness prevented [them] from [timely] serving" the defendants); *Vannoni v. TSO*, 120 F.R.D. 501, 503 (E.D. Pa. 1998) (declining to find good cause when plaintiff "neither explained the nature of [counsel's] illness nor how that illness contributed to an impossibility to make service").

Even if Sanders cannot demonstrate good cause for his failure to properly serve SWBT, I still have the discretionary authority to extend the time for service. *See Millan*, 546 F.3d at 325. In deciding whether to exercise that discretion, I am mindful that dismissing this lawsuit, even without prejudice, would preclude Sanders from ever pursuing his causes of action under Title VII and the Texas Labor Code. Both causes of action would be time-barred if Sanders sought to refile them now. A dismissal at this juncture thus effectively constitutes dismissal with prejudice of Sanders's Title VII and Texas Labor Code claims.

When a plaintiff fails to timely serve a defendant, the Fifth Circuit has held that a dismissal without prejudice that has the effect of acting as a dismissal with prejudice is warranted only upon a showing of at least one of three aggravating factors: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Thrasher*, 709 F.3d at 514 (internal quotation marks, brackets, and citation omitted). Here, the record does not support dismissal. First, there is no evidence to suggest that the delay in serving SWBT was caused by Sanders himself. To the contrary, the failure to timely serve SWBT rests solely on the shoulders of his counsel. Second, SWBT has not suffered actual prejudice. It is not as if months or years went by without proper service, causing memories to fade and documents to disappear. Sanders served this lawsuit a mere 29-days after he should have done so. Defending the case on the merits and facing the possibility of damages is just "not the sort of prejudice that requires dismissal." *Millan*, 546 F.3d at 327. Third, the delay in service was not caused by anyone's intentional conduct. Sanders's counsel might have been negligent in failing to actively pursue service, but that failure certainly does not rise to the level of intentional misconduct that warrants dismissal with prejudice.

My role as a judicial officer demands that I ensure the interests of justice are served. It seems unduly punitive to prevent Sanders from pursuing Title VII and Texas Labor Code Claims because his lawyer messed up and served the Summons and Complaint less than 30 days late. If there ever was a situation that screamed out for me to utilize my discretion and extend the time for service under Rule 4(m), this is it. Sanders should be permitted to proceed with all his claims for relief. The case should be decided on the merits as opposed

to a procedural miscue by counsel. Accordingly, I exercise my discretionary authority and extend the time for Sanders to serve SWBT with the lawsuit.

## CONCLUSION

For the reasons set forth above I **RECOMMEND** that the Motion to Dismiss be **DENIED**. *See* Dkt. 14.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 18th day of September, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE